# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ERIC DAVID KELLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-1015-SAC-GEB** |
| | ) | |
| **CELLCO PARTNERSHIP,** *d/b/a* | ) | |
| **VERIZON WIRELESS** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (**ECF No. 12**).  After considering Plaintiff's Motion and the accompanying Affidavit of Financial Status (**ECF No. 11, sealed**), the Court **provisionally GRANTS** Plaintiff's Motion for Appointment of Counsel and appoints counsel for the **limited purposes** specified herein.

## I.      Background

Plaintiff originally filed this action in the Finney County District Court of the State of Kansas.[1]  Plaintiff's cause of action against Defendant arises under the Fair Credit Reporting Act,[2] the Fair Debt Collection Practices Act,[3] and various state law torts.[4]

---

[1] *See* ECF No. 1-3.
[2] 15 U.S.C. §§ 1681 et seq.
[3] 15 U.S.C. §§ 1692 et seq.
[4] *See* ECF No. 1-3.

Plaintiff claims Defendant acted unlawfully regarding an account it opened in his name which was created through an alleged identity theft.[5]

On January 19, 2020, Defendant removed the case to this Court and filed an Answer on January 27, 2020.[6]  On March 16, 2020, the Court conducted a scheduling conference where discussion occurred regarding Plaintiff's need for appointed counsel.[7]  The Court continued the scheduling conference to April 23, 2020 to allow Plaintiff time to file a motion requesting counsel.[8]  On March 31, 2020, Plaintiff filed the instant Motion for Appointment of Counsel.[9]  After discussing the same with the parties during the April 23, 2020 conference, the Court, for the reasons stated herein, grants Plaintiff's Motion and appoints provisional counsel to assist Plaintiff in the limited fashion described below.

## II.    Motion for Appointment of Counsel (ECF No. 12)

When evaluating whether to appoint counsel, the Court considers multiple factors, such as (1) the litigant's financial ability to pay an attorney; (2) the litigant's diligence in attempting to secure an attorney; (3) the merits of the litigant's claims, including the nature and complexity of those claims; and (4) the litigant's ability to present his claims.[10]

Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located.[11]  The Court has an obligation not to make indiscriminate

---

[5] *Id.*
[6] ECF No. 1; ECF No. 5.
[7] ECF No. 10.
[8] *Id.*
[9] ECF No. 12.
[10] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[11] *Castner*, 979 F.2d at 1421.

appointments on every occasion a plaintiff seeks court-ordered counsel,[12] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[13]

In this case, the Court, after a careful analysis, is satisfied all factors outlined above are met and appointment of counsel is warranted.   First, Plaintiff's Affidavit of Financial Status shows Plaintiff is incarcerated, and while currently employed by the Kansas Department of Corrections, the Court finds it would be difficult for Plaintiff to afford an attorney given his monthly income and lack of other assets.[14]   Second, Plaintiff's Motion shows he has been diligent in attempting to secure counsel.[15]

Third, it appears to the Court, after reviewing the pleadings, Plaintiff's claims have merit.  This is supported by discussion during the April 23, 2020 conference wherein the parties indicated the prospects of resolving this matter short of trial are favorable.  As a result, the parties agreed to engage in meaningful mediation within a relatively short period after having the chance to conduct limited discovery.   And fourth, the Court finds Plaintiff's incarceration and the current COVID-19 pandemic would make it difficult for Plaintiff to prepare for and take part in a mediation.

Therefore, the Court provisionally appoints **Alan J. Stecklein**, a member in good standing of the bar of this Court, to represent Plaintiff for the limited purposes of (1)

---

[12] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[13] *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).
[14] *See* ECF No. 11.
[15] *See* ECF No. 12, pp. 2-3.

reviewing Plaintiff's Complaint[16] to make sure his claims are adequately plead;   (2) assisting Plaintiff with completing the discovery necessary for a meaningful mediation; (3) participating in a mediation; and (4) receiving service of all court filings and discovery documents and engaging in any Court hearings from the date of appointment through mediation.

Counsel's initial responsibility, after reviewing the Complaint and conferring with Plaintiff, will be to contact Defendant's counsel to determine what discovery is essential to achieve a meaningful mediation and to select an agreeable mediator and mediation date. The Court will excuse Plaintiff from being personally present at any mediation and will allow Plaintiff to participate by telephone if agreeable to all involved.

The Court will convene a status conference on **May 20, 2020 at 9:00 am** to discuss discovery needs and mediation deadlines.  This status conference will take place by telephone and counsel should call the Court's **CONFERENCE LINE at 1-888-363-4749, using ACCESS CODE 9686294**, to participate.

Mr. Stecklein is appointed pursuant to 28 U.S.C. § 1915(e) and may be reimbursed for his out-of-pocket expenses allowed under D. Kan. Rule 83.5.3(f)(1).  The Court notifies Mr. Stecklein that he may contact Plaintiff through Travis Getty, Unit Team Counselor; Larned Correctional Mental Health Facility, 1318 KS Highway 264, Larned, KS 67550; and his email is travis.getty@ks.gov.

---

[16] *See* ECF No. 1-3 for Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that **Alan J. Stecklein**, a member in good standing of the bar of this Court, is hereby appointed to represent Plaintiff in this case pursuant to 28 U.S.C. § 1915(e) for the limited purposes set forth in this Order.  The clerk is directed to send this order to Plaintiff by mailing it to:  Eric David Keller, c/o Travis Getty, Unit Team Counselor, Larned Correctional Mental Health Facility, 1318 KS Highway 264, Larned, KS 67550.  Mr. Stecklein has been notified regarding his appointment by email and through the Court's electronic filing system.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 27th day of April, 2020.


s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge